IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| VERASUN ENERGY CORPORATION, *et al.*, | ) | |
| | ) | Case No. 08-12606 (BLS) |
| Reorganized Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| | ) | |
| VERASUN ENERGY CORPORATION, *et al.*, | ) | Adv. Pro. No. 10-_____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANTER, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§544, 547, 548, 549 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502**

VeraSun Energy Corporation and its affiliates, in their respective capacities as both debtors and reorganized debtors (collectively, the "Reorganized Debtors" or "Plaintiffs"),[1] in support of their Complaint to avoid and recover preferential, fraudulent and, where applicable, unauthorized post-petition transfers against Tranter Inc. (the "Defendant") and to disallow any claims held by Defendant, hereby allege as follows:

**NATURE OF THE CASE**

1.     This action is commenced pursuant to sections 544, 547, 548, 549, and 550 of

---

[1] The Reorganized Debtors are VeraSun Energy Corporation; ASA OpCo Holdings, LLC; US BioEnergy Corporation; VeraSun Albert City, LLC; ASA Albion, LLC; VeraSun Aurora Corporation; VeraSun BioDiesel, LLC; ASA Bloomingburg, LLC; VeraSun Central City, LLC; VeraSun Charles City; LLC; VeraSun Dyersville, LLC; VeraSun Fort Dodge, LLC; VeraSun Granite City, LLC; VeraSun Hankinson, LLC; VeraSun Hartley, LLC; VeraSun Janesville, LLC; ASA Linden, LLC; VeraSun Litchfield, LLC; US Bio Marion, LLC; VeraSun Marketing, LLC; VeraSun Ord, LLC; VeraSun Reynolds, LLC; VeraSun Tilton, LLC; VeraSun Welcome, LLC; and VeraSun Woodbury, LLC.  The defined terms Reorganized Debtors and Plaintiffs shall be read as singular or plural as appropriate.

RJS/769256.1/058200

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover preferential, fraudulent, and/or unauthorized post-petition transfers made by the Reorganized Debtors to, or for the benefit of Defendant.

2.      In addition, the Reorganized Debtors seek to disallow, pursuant to Bankruptcy Code §§502(d) and (j), any claim that Defendant has filed or asserted against the Reorganized Debtors or that has been scheduled for Defendant.  The Reorganized Debtors do not waive but hereby reserve all of their rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Bankruptcy Code §§502(a) through (j).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and §13.1 of the Plan (as defined below).  This is a core proceeding pursuant to 28 U.S.C. §157(b).

4.      Venue in this district is proper pursuant to 28 U.S.C. §1409.

## BACKGROUND AND PARTIES

5.      On October 31, 2008 (the "Petition Date"), the Reorganized Debtors commenced their chapter 11 bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      On October 23, 2009, this Court entered an order (the "Confirmation Order") confirming the Joint Plan of Liquidation of VeraSun Energy Corporation and Its Affiliated Debtors (the "Plan"), which became effective on December 17, 2009.

7.      On December 17, 2009, pursuant to the Plan and the Confirmation Order, the Reorganized Debtors and KDW Restructuring & Liquidation Services LLC (the "LLC") entered into that certain Plan Administrator Agreement Between VeraSun Energy Corporation and its Affiliated Debtors and KDW Restructuring & Liquidation Services LLC (the "Plan Administrator Agreement").  Pursuant to the Plan Administrator Agreement, the LLC was appointed Plan Administrator of the Reorganized Debtors.

2

8.      Defendant was, at all times material hereto, a vendor to or creditor of one or more of the Reorganized Debtors.

9.      Exhibit A reflects the Reorganized Debtors' current knowledge of all transfers made by or for the benefit of the Reorganized Debtors to the Defendant during the 90 day period immediately preceding the Petition Date and immediately subsequent to the Petition Date on account of pre-petition claims, in the amount of $401,347.54.   During the course of this proceeding the Reorganized Debtors may learn of additional transfers made to Defendant during the Preference Period (as defined below), during the two-year period applicable to actions arising under Bankruptcy Code §§544 and 548, or subsequent to the Petition Date without Bankruptcy Code or Court authority therefor.   It is the Reorganized Debtors' intention to avoid and recover all such transfers, whether such transfers presently are reflected in Exhibit A or not, and the Reorganized Debtors reserve all rights to supplement and amend the allegations of this Complaint accordingly.   Collectively, all transfers made by or for the benefit of the Reorganized Debtors of an interest of the Reorganized Debtors in property to or for the benefit of Defendant during the Preference Period or made subsequent to the Petition Date without authority therefor (whether such transfers presently are reflected in Exhibit A or not) are referred to herein as the "Transfers."

### FIRST CLAIM FOR RELIEF
**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§547(b) and 550)**

10.      Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

11.      As more particularly described on Exhibit A attached hereto and incorporated herein, within the 90 days immediately prior to the Petition Date (the "Preference Period"), one or more of the Reorganized Debtors made the Transfers to or for the benefit of Defendant in an aggregate amount of not less than $401,347.54.

3

12.    The Transfers constituted transfers of an interest in property of the transferring Reorganized Debtors.

13.    The Transfers were made on account of prior contractual obligations or invoices owed by the transferring Reorganized Debtors to Defendant before the Transfers were made.

14.    The Transfers were made in payment of goods sold or services provided by Defendant to the transferring Reorganized Debtors.

15.    The goods or services paid for by each of the Transfers were provided by Defendant to the transferring Reorganized Debtors before each such Transfer was made.

16.    The Transfers were made while the Reorganized Debtors were insolvent. Pursuant to 11 U.S.C. §547(f), the Reorganized Debtors are presumed to have been insolvent on and during the 90 days immediately prior the Petition Date.

17.    The Transfers enabled Defendant to receive more than it would have received if (i) the Bankruptcy Cases were cases under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18.    Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made.

19.    Based upon the foregoing, Plaintiffs are entitled to an order and judgment against Defendant:  (i) avoiding the Transfers under Bankruptcy Code §547(b); and (ii) entitling Plaintiffs to recover the Transfers or the value of the Transfers from Defendant under Bankruptcy Code §550(a), together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

4

## SECOND CLAIM FOR RELIEF
**(Avoidance and Recovery of Post-petition Transfers – 11 U.S.C. §§549 and 550)**

20.     Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

21.     As more particularly described on Exhibit A attached hereto and incorporated herein, one or more of the Reorganized Debtors made Transfers to or for the benefit of Defendant in an aggregate amount of not less than $401,347.54.

22.     Based upon the foregoing, Plaintiffs are entitled to an order and judgment against Defendant:  (i) under Bankruptcy Code §549 avoiding any of the Transfers to Defendant that occurred after the Petition Date that were not authorized by the Bankruptcy Code or by this Court or were authorized only under Bankruptcy Code §542(c); and (ii) under Bankruptcy Code §550(a) recovering from Defendant such Transfers or the value of such Transfers, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

## THIRD CLAIM FOR RELIEF
**(Avoidance and Recovery of Fraudulent Transfers – 11 U.S.C. §§544, 548 and 550)**

23.     Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

24.     Plaintiffs made Transfers or a portion thereof to or for the benefit of Defendant in an aggregate amount of not less than $401,347.54 within two years prior to the Petition Date.

25.     Upon information and belief, Plaintiffs received less than reasonably equivalent value in exchange for some or all of the Transfers.

26.     Upon information and belief, Plaintiffs:  (i) were insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (ii) were in engaged in business or a transaction for which any property remaining with Plaintiffs was an unreasonably small capital at the time of, or as a result of the Transfers; and/or (iii) intended, at the times relevant to this

5

Complaint, to incur, or believed that the Plaintiffs would incur, debts that would be beyond Plaintiffs' ability to pay as such debts matured.

27.    Upon information and belief, at all times relevant to this Complaint, there were actual creditors of the Reorganized Debtors who could have avoided the Transfers under applicable state fraudulent transfer law.

28.    Defendant may also have received additional avoidable Transfers which may be discovered during the discovery process.

29.    Based upon the foregoing, Plaintiffs are entitled to an order and judgment against Defendant:  (i) avoiding the Transfers under Bankruptcy Code §544(b) pursuant to applicable state fraudulent transfer law; (ii) avoiding the Transfers under Bankruptcy Code §548(a)(1)(B); and (iii) entitling Plaintiffs to recover the Transfers or the value of the Transfers from Defendant under Bankruptcy Code §550(a), together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

### FOURTH CLAIM FOR RELIEF
### (Disallowance of Claims – 11 U.S.C. §§502(d) and (j))

30.    Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

31.    Defendant is a transferee of Transfers avoidable pursuant to Bankruptcy Code §§547, 544, 548, or 549, which property is recoverable under Bankruptcy Code §550.

32.    Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under Bankruptcy Code §550.

33.    Pursuant to Bankruptcy Code §502(d), any and all claims of Defendant against any of the Reorganized Debtors must be disallowed until such time as Defendant pays Plaintiffs the amount equal to the aggregate amount of all of the Transfers, plus interest thereon.

6

34.    Pursuant to 11 U.S.C. §502(j), any and all previously allowed claims of Defendant against any of the Reorganized Debtors, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiffs the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs prays that this Court grant the following relief against Defendant:

A.    On Plaintiffs' First Claim for Relief, judgment in favor of Plaintiffs and against Defendant, avoiding the preferential Transfers and directing Defendant to return to the Plaintiffs the amount of the preferential Transfers, pursuant to 11 U.S.C. §§547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.    On Plaintiffs' Second Claim for Relief, judgment in favor of Plaintiffs and against Defendant, avoiding the post-petition Transfers and directing Defendant to return to the Plaintiffs the amount of the post-petition Transfers, pursuant to 11 U.S.C. §§549 and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C.    On Plaintiffs' Third Claim for Relief, judgment in favor of Plaintiffs and against Defendant, avoiding the fraudulent Transfers and directing Defendant to return to the Plaintiffs the amount of the fraudulent Transfers, pursuant to 11 U.S.C. §§544(b), 548(a)(1)(B) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

D.    On Plaintiffs' Fourth Claim for Relief, in favor of Plaintiffs and against Defendant disallowing any claims filed by Defendant against the Plaintiff(s) until Defendant returns the Transfers to Plaintiffs pursuant to 11 U.S.C. §§502(d) and (j); and

RJS/769256.1/058200

E.     Granting Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
       October 27, 2010

SilvermanAcampora LLP
Randy J. Schaefer *
Counsel to the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
RSchaefer@SilvermanAcampora.com

- and -

THE ROSNER LAW GROUP LLC

By:     /s/ Scott J. Leonhardt
        Frederick B. Rosner (DE Bar No. 3995)
        Scott J. Leonhardt (DE Bar No. 4885)
        1000 N. West Street, Suite 1200
        Wilmington, Delaware  19801

        *Co-Counsel to the Reorganized Debtors*

*Randy J. Schaefer, Esq. is the primary contact person for this proceeding*

RJS/769256.1/058200